967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene SYKORA, Defendant-Appellant.
 No. 90-30425.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided June 4, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Eugene Sykora appeals his conviction of knowingly receiving visual depictions of minors engaging in sexually explicit conduct on the grounds of entrapment. 18 U.S.C. § 2252(a)(2) (1988). As part of "Operation Circe," a child pornography sting operation, Customs officials obtained Sykora's name from two mailing lists of organizations involved in child pornography. On September 7, 1988, Customs officials sent Sykora a questionnaire through a Bangkok front operation. He responded ten days later indicating that he was interested in receiving material related to child pornography. On April 19, 1989, the officials sent him a catalogue and order form, but Sykora did not respond. On September 12, 1989, they sent him a second catalogue. This time he ordered four films described as containing child pornography. After a controlled delivery, the Customs Agents searched Sykora's home and found the four films as well as a number of other items of child pornography.
 
 
 3
 Sykora claims entrapment as a matter of law under Jacobson v. United States, 112 S.Ct. 1535 (1992). But there was more pressure and less predisposition in that case. In Jacobson, the Court considered that, until his purchase, the defendant had not been involved in illegal child pornography, id. at 1540, and it was only the government's repeated attempts over 26 months that had finally pressured the defendant to succumb, id. at 1541. Entrapment focuses on the mind of the criminal, not the conduct of the law enforcement officers. See Hampton v. United States, 425 U.S. 484, 488 (1976). Therefore, evidence of predisposition need not be known to the government before a sting operation begins.
 
 
 4
 The government provides four types of evidence to indicate that Sykora has the necessary predisposition. First, his name appeared on the lists of two child pornography organizations. Second, he indicated on the questionnaire that he was interested in receiving child pornography. Third, he responded to the second solicitation by the government. Fourth, at the time of his arrest, he had an extensive library of child pornography in his home.
 
 
 5
 The first two types of evidence, his name on old mailing lists and his response to the questionnaire, resemble the evidence found insufficient to establish predisposition in Jacobson. In Sykora's case, however, there is more. Unlike the defendant in Jacobson, the government made only two straightforward mail order solicitations before Sykora purchased the child pornography. The government did not have to work on Sykora for two years to get him to buy. A second mail order solicitation, without more, is not equivalent to the campaign used in Jacobson. More importantly, his possession of an extensive collection of child pornography materials, illegal in the state of Washington, see Wash.Rev.Code Ann. § 9.68A.070 (1988 & Supp.1992), indicates sufficient predisposition to purchase child pornography to establish that Sykora was not entrapped as a matter of law.
 
 
 6
 Sykora also argues that he was entitled to an entrapment jury instruction. He offered an entrapment instruction prior to trial, but he did not object to the court's decision not to give one. His trial strategy was evidently to attack scienter rather than to show entrapment, often a more fruitful approach. The offering of an instruction prior to trial does not preserve an objection in these circumstances. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). We do not find the failure to give an entrapment instruction constituted plain error.
 
 
 7
 The existing illegal collection of child pornography was sufficient to establish predisposition as a matter of law. Because Sykora did not, prior to trial, move to suppress the evidence of his existing library of child pornography, we do not consider whether the search was proper under United States v. Weber, 923 F.2d 1338 (9th Cir.1991). Because the extensive existing collection alone was sufficient to prove predisposition, we do not reach the question of whether the evidence of Sykora's name on the mailing lists constituted hearsay, was too old under Sherman v. United States, 356 U.S. 369 (1958), or was too unreliable under Jacobson to demonstrate predisposition.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3